UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRELL ANTOINE JONES,<br><br>                Petitioner,<br><br>vs.<br><br>TOM CARTER, TWIN FALLS COUNTY SHERIFF,<br><br>                Respondent. | Case No. 1:23-cv-00285-DKG<br><br>**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |

       The Court now reviews the Petition for Writ of Habeas Corpus filed by Tyrell Antoine Jones (Petitioner) while he was detained in the Twin Falls County Jail. Summary dismissal of a habeas corpus petition is appropriate if it "appears from the application that the applicant or person is not entitled to [the granting of the writ]." 28 U.S.C. § 2243.

       Petitioner was being held in the Twin Falls County Jail pursuant to a Fugitive Complaint and Order of Detention regarding a California extradition warrant in January 2022. Petitioner waived extradition. However, officials from California never came to take him into custody, leaving him incarcerated in Idaho past the deadline for extradition. *See* Dkt. 1-2, pp. 1-4.

       During this time, Petitioner also had Idaho criminal charges pending against him, but he had posted bond for those charges. But for the California hold, he would have been

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

free on bond. In 2023, Petitioner contested his continuing detention-without-extradition in the state district court, but was not granted release. Dkt. 1, p. 3.

Petitioner next filed his federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. 1. He asserts that Twin Falls County Prosecutor Grant Loebs filed false documentation of an amended waiver on March 15, 2022, and again on December 30, 2022, blocking Petitioner's release and violating his constitutional rights. Petitioner further asserts: "[M]y liberty to freedom was denied deliberately because of my ethnicity and the color of my skin." Dkt. 1, p. 10.

Habeas corpus is the correct procedural vehicle by which to challenge the extradition process, unaccompanied by a challenge to one's criminal conviction. *See Smith v. State of Idaho*, 373 F.2d 149 (9th Cir. 1967). Section 2241 properly applies to "a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition." *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (internal citation omitted).

To file a federal habeas corpus action,[1] including a § 2241 extradition challenge,[2] a petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. The petitioner can satisfy the exhaustion requirement by showing that he has "fairly presented" his federal claim to the highest

---

[1] A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

[2] *See Booker v. Taft*, 2004 WL 1253410 (N.D. Tex. 2004).

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

state court with jurisdiction to consider it (proper exhaustion), or (2) that no state court remedy is available when he arrives in federal court (improper exhaustion, which requires a showing of cause and prejudice in order for a federal court to hear the claims). *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). In very limited instances, failure to exhaust may be excused because of special circumstances. *Whelan v. Noelle*, 966 F.Supp. 992, 998 (D. Or. 1997).

Here, nothing in the Petition shows that Petitioner raised his federal claims in the Idaho Supreme Court before bringing them in this federal court action. Neither has he shown that special circumstances exist. Therefore, it appears that dismissal is appropriate. However, because not all parties to this action have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, the Court will ask the Clerk of Court to reassign this case to a United States District Judge to consider dismissal after Petitioner responds to this Order. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Petitioner may amend his Petition to show the current status of his extradition and to show exhaustion of state court remedies or special circumstances.  Or, Petitioner may file a notice of voluntary dismissal if, for example, he is now in custody under an Idaho conviction or has been extradited to California. The only cognizable claim in a habeas corpus action is release from wrongful custody; an award of damages is not permitted.[3]

---

[3] An alternative cause of action for Petitioner may be a civil rights action, but even there, the claims may be subject to dismissal under the doctrine of prosecutorial immunity. Generally, a prosecutor enjoys absolute immunity for prosecutorial functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Numerous courts have found prosecutors absolutely immune when acting within extradition proceedings. *See Dababnah v. Keller-Burnside*, 208 F.3d 467, 471 (4th Cir. 2000) (collecting

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

## ORDER

**IT IS ORDERED:**

1. No later than **30 days** after entry of this Order, Petitioner shall file an amended petition with a motion to amend or a notice of voluntary dismissal.

2. If Petitioner files an amended petition, he must pay the $5.00 filing fee or file an in forma pauperis application. No litigant may proceed in federal court without taking financial responsibility for their case.

3. Petitioner's Request for Appointment of Counsel (contained in his Petition) is MOOT, pending receipt of an amended petition.

DATED: January 16, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

---

cases). In addition, causes of actions involving bond hearings may lead to the same result. *See also Webster v. Gibson,* 913 F.2d 510 (8th Cir. 1990) (holding that, in a § 1983 action against a prosecutor for depriving arrestee of prompt judicial determination of probable cause, the prosecutor was absolutely immune from damages where a bond hearing was not held until 45 days after arrest, the judge then ordered prosecutor to file information or release arrestee, and the prosecutor failed to charge arrestee until 56 days later). The *Imbler* Court explained the rationale for prosecutorial immunity, acknowledging: To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative … would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." 424 U.S. at 427–28. Petitioner should consult an attorney for an opinion on whether he could or should pursue a different cause of action based on his facts.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**